|  |  |
|---|---|
| **John F. L. Hebb (SBN: 108391)**<br>**LAW OFFICES OF JOHN F. L. HEBB**<br>**Santa Monica, California**<br>*Mail:* **PO Box 555**<br>**Topanga, CA  90290-0555**<br>**TEL: 310/569-0060**<br>*email: JOHNFLHEBB@aol.com*<br>Attorneys for Creditor<br>LAW OFFICES OF JOHN F. L. HEBB | **FILED**<br>CLERK, U.S. DISTRICT COURT<br><br>8/7/15<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____CP_____ DEPUTY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

In re:

ATECO, INC.
==============================

Adversary Case to be filed:

LAW OFFICES OF JOHN F. L. HEBB,

Plaintiff,

   v.

ATECO, INC. ["ATECO"], a Calif. Corporation; PETER PETROVSKY, an Individual; and DOES 1 through 10,

Defendants.

**CACD CASE NO. 2:15-cv-04155-GHK**

**CHAPTER 11 PROCEEDINGS**
 **CASE NO. 10-bk-22623 MT**
 **ADV. CASE NO. 11-01198 MT**

[L.A. SUPER. CT. CASE NO.  SC 098275, with BINDING ARBITRATION pending, as to ATECO, INC. and PETER PETROVSKY]

**CREDITOR'S FURTHER AMENDED NOTICE OF APPEAL**

---

**1.** Creditor, with reference to CACB doc 495 (amended Notice of Appeal) further amends its notice of appeal by supplying attached hereto the "formal order memorializing the de facto ruling" [CACB doc 496 and doc 497] as described at item 3(3) of doc 495 and the related asterisk text thereat.

For ease of reference, 3(3) of doc 495 and the related asterisk text thereat referenced and read:

**CREDITOR'S FURTHER AMENDED NOTICE OF APPEAL**

> "the de facto* denial of creditor's 5/1/15 renewed request for recusal, or alternatively motion for disqualification, of the bankruptcy judge under 28 USC 455 [dkt 480], incorporating and augmenting prior requests for such relief filed 9/4/12 [dkt 204, denied at 209] and 5/14/14 [dkt 405, denied at 446], and
>
> any subsequent judgment thereon, and all interim orders and rulings, any adverse orders and rulings in any creditor motions deemed pending, in said case no. 10-bk-22623 or adversary case no. 11-01198.
>
> > *The bankruptcy judge on 5/15/15 ruled [dkt 482] on the motion for reconsideration despite the then still pending 5/1/15 request for recusal, or alternatively motion for disqualification [dkt 480], and the absence of any written ruling on that 5/1/15 request/motion. Creditor has in writing requested a formal written ruling [dkt 485], and followed up that written request with a further telephonic request to the bankruptcy court team leader for this case to no avail to date. Appellant will upon receipt file any formal order memorializing the de facto ruling."

**2.** The parties to the appeal are appellant creditor and the debtor Ateco, Inc., whose attorney is:

> Steven J Krause, Esq., Atty. for Debtor
> 200 N Westlake Bl, Ste 204
> Westlake Village, CA  91362
> 818/707-1007
> 866/7199738 Fax
> *stevenjkrause@yahoo.com*

DATED: 8/6/15          LAW OFFICES OF JOHN F. L. HEBB


                    By:_____/s/_____
                    JOHN F. L. HEBB, Esq.
                    Attorneys for Creditor
                    LAW OFFICES OF JOHN F. L. HEBB

**CREDITOR'S FURTHER AMENDED NOTICE OF APPEAL**

**FILED & ENTERED**

**JUL 24 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

In re:

Ateco Inc

Debtor(s).

Case No.: 1:10-bk-22623-MT

CHAPTER 11

**ORDER DENYING THIRD MOTION TO RECUSE JUDGE**

[No hearing held]

On May 1, 2015, John F.L. Hebb filed his third motion to disqualify Judge Maureen Tighe (the "Recusal Motion," bankr. doc. no. 480). For the reasons stated in the Memorandum of Decision re Third Motion to Recuse Judge, bankr. doc. no. 496,

**IT IS HEREBY ORDERED** that the Recusal Motion is DENIED.

###

Date: July 24, 2015

Maureen A. Tighe
United States Bankruptcy Judge

-1-

**FILED & ENTERED**

**JUL 24 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Cetulio    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Ateco Inc<br><br><br><br>         Debtor(s). | Case No.: 1:10-bk-22623-MT<br><br>CHAPTER 11<br><br>**MEMORANDUM OF DECISION RE THIRD MOTION TO RECUSE JUDGE**<br><br>[No hearing held] |

   John F.L. Hebb ("Movant") filed his third motion to disqualify Judge Maureen Tighe (the "Recusal Motion"). The basis of the Recusal Motion, and the two preceding motions[1], is the assertion the Judge "has now persisted in the deliberate suppression and falsification of […] actual evidence" and that she shows actual bias or this is a situation in which her impartiality might be reasonably questioned.

   Although there are two recusal statues in Title 28, United States Code, bankruptcy judges are subject to recusal only under § 455. Smith v. Edwards & Hale (In re Smith), 317 F.3d 918, 932 (9th Cir. 2002). Section § 455, begins with the broad statement that "(a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the case of United States v. McTiernan, 2012 U.S.App. LEXIS 17473 (9th Cir. 2012), the Ninth Circuit Court of Appeals summarized the

---

[1] Motion to Recuse Judge, filed September 4, 2012 (the "First Recusal Motion," bankr. doc. no. 204) and Motion to Recuse Judge, filed May 14, 2014 (the "Second Recusal Motion," bankr. doc. no. 405). Both were denied, after having been reviewed by different judges (bankr. doc. no. 207 and 446, respectively).

standard when the recusal motion arises out of the judge's handling of a case rather than out of her extra-judicial actions or interests:

> "The substantive standard for recusal under 28 U.S.C. § 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam) (brackets and internal quotation marks omitted). Importantly, "[p]arties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." <u>United States v. Frias-Ramirez</u>, 670 F.2d 849, 853 n.6 (9th Cir. 1982). As the Supreme Court has explained,
>
>> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.
>
> <u>Liteky v. United States</u>, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); <i>accord</i> <u>Wilkerson</u>, 208 F.3d at 799 ("To disqualify a judge, the alleged bias must constitute animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." (internal quotation marks omitted)).

<u>United States v. McTiernan</u>

    The United States Supreme Court spent considerable time analyzing the framework of when recusal is required under §455. <u>Liteky</u> concerned events that had happened in a prior trial of the same defendant in front of the same judge. First the court dealt with the issue of whether an extrajudicial source establishes or precludes bias and found that it would depend on the circumstances of each individual situation. But, as to opinions formed by the judge based on facts introduced or events that occurred in the current case or in a prior case, bias or partiality would only occur if the judge displayed a deep-seated favoritism or antagonism so that a fair judgment would be impossible:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-

house dramas called trials, he could never render decisions." In re J. P. Linahan, Inc., 138 F.2d 650, 654 (2nd Cir. 1943). Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

It is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that "extrajudicial source" is the only basis for establishing disqualifying bias or prejudice. It is the only common basis, but not the exclusive one, since it is not the exclusive reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment.

Liteky, 510 U.S. 550-1.

The first ten pages of the 28 page Recusal Motion[2] recite arguments, in long excerpts from the First and Second Recusal Motions. The next portion of the Recusal Motion consists of "additional subsequent conduct only explainable by the Judge's animus towards creditor's case or towards creditor…." The "additional subsequent conduct" complained of here is the Court's ruling Denying the Motion to Extend Time to File Appeal[3] and a subsequent denial of a Motion for Reconsideration of Order Denying Motion to Extend Time to Appeal Under Rule 8002(c), which was entered on April 14, 2015 (the "Reconsideration Motion," bankr. doc. no. 474; 475, April 14, 2015).

---

[2] The Court's referral to pagination in the Recusal Motion is to its own pagination for clarity. The pages of the Recusal Motion are unnumbered, in violation of Court Manual 2.5(b)(2)(G) and LBR 9014-1(a)(1).

[3] On April 25, 2014, at 12:02 a.m., Hebb filed a Motion for New Trial (the "New Trial Motion"). Hebb's New Trial Motion was filed 15 days after judgment was entered, and thus did not toll the appeal deadline under Fed. R. Bankr. P. 8002(b)(1)(C). Nevertheless, on May 6, 2014, Hebb filed a Notice of Appeal to the U.S. District Court (bankr. doc. no. 380).

On May 7, 2014, Hebb filed a Motion to Deem New Trial Motion Timely Filed (the "Timeliness Motion"), bankr. doc. no. 384. On that same day, Hebb also filed a Motion to Extend Time to Appeal under Rule 8002(c) (the "Motion to Extend"). The Court entered an order granting the Timeliness Motion on May 9, 2014, bankr. doc. no. 395, finding that the few minute delay past the deadline did not prejudice Debtor. The Court then denied the Motion to Extend as moot.

Reviewing the appeal, the United States District Court (the "District Court") explained that "a court may not enlarge the time for taking action under Rule[] . . . 9023 [which governs timing for a new trial motion]." Fed. R. Bankr. P. 9006(b)(2). The District Court found that the Court lacked authority to deem Hebb's New Trial Motion timely filed. As Hebb's New Trial Motion was untimely, it could not toll the time for appeal, and Hebb's May 6, 2014 Notice of Appeal was also untimely.

On January 26, 2015, the District Court remanded the matter for the limited purpose determining whether Hebb had met his burden of establishing "excusable neglect" under Fed.R. Bankr. P. 8002(d)(1)(B) such that his untimely Motion to Extend could be granted.

      The Recusal Motion essentially re-argues the Reconsideration Motion. Movant argues that the Court's application of the factors set forth in <u>Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship</u>, 507 U.S. 380 (1993) demonstrates grounds for recusal because it shows that the Court's "misrepresentations, distortions and omissions" are in fact the result of the Judge's animus towards Movant. Movant believes that said prejudice is shown when comparing the Court's ruling on the Timeliness Motion, where the Court found that Debtor wasn't prejudiced by the tardy filing of the New Trial Motion by a "few minutes", and the Court's ruling in the Memorandum of Decision re Remand from the District Court for the limited finding that there was sufficient prejudice to Debtor, among other factors, to properly deny the Motion to Extend. <u>Order Granting Motion to Deem Motion for New Trial Timely Filed</u>, 2:14-15 (bankr. ECF doc. no. 395); <u>Memorandum of Decision re Remand</u>, 3:26-13:10.

      Movant has previously raised this argument, and the Court has already explained its ruling. <u>Reconsideration Motion</u>, bankr. ECF doc. no. 478; <u>Order Denying Motion to Reconsider Memorandum of Decision re Remand from the District Court</u>, 3:3-12, bankr.ECF doc. no. 482. Additionally, Hebb included sixteen "itemized points" that he argues supports his Motion. <u>Recusal Motion</u>, 13:12-19:20. Rather than repeat numerous earlier rulings,[4] the Court will refer to the earlier ruling for each of the sixteen points:

1. See #12 below

2. Addressed in <u>First Recusal Motion</u>, 7:18-24.

3. Addressed in <u>Memorandum of Decision re Order Vacating Order to Show Cause</u>, bankr.ECF doc. no. 154, 4:6-6:6; and <u>Second Recusal Motion</u>,

4. Addressed in <u>First Recusal Motion</u>, 6:13-26.

5. Movant's interpretation as to what it means to "appear" at a hearing is different than the Court's. Movant walked into the courtroom fifteen minutes late for the status conference, after all matters had been addressed with Debtor's counsel and the attorney for the United States Trustee, just before the Court went off the record. See <u>Hr'g Tr. Status Conference re Debtor's Proposed Disclosure Statement</u>, bankr. ECF doc. no. 150.

---

[4] The Court has issued a total of 8 detailed rulings in writing addressing every issue raised by Hebb. See (A) <u>Memorandum of Decision re Order Vacating Order to Show Cause</u>, bankr.ECF doc. no. 154, Feb. 27, 2012; (B) <u>Memorandum re Whether this Case Should be Dismissed</u>, bankr.ECF doc. no. 175, June 27, 2012; (C) <u>Memorandum of Decision re Motion for Summary Judgment</u>, adversary ECF doc. no. 56, Nov. 6, 2012; (D) <u>Memorandum of Decision (1) Hebb's Spoliation Motion; (2) Ateco Motion to Exclude Hebb Documents; and (3) Court's Order to Show Cause re Pretrial Compliance</u>, adversary ECF doc. no. 100, Oct. 28, 2013; (E) <u>Memorandum of Decision re Trial</u>, adversary ECF doc. no. 114, April 9, 2014; (F) <u>Memorandum of Decision re Motion for New Trial</u>, bankr. ECF doc. no. 415, June 11, 2014; (G) <u>Memorandum of Decision re Remand from the District Court for the Limited Purpose of Determination of Excusable Neglect under Fed. R. Bankr. P. 8002(d)(1)(B)</u>, bankr.ECF doc. no. 474, April 14, 2015; and (H) <u>Order Denying Motion to Reconsider Memorandum of Decision re Remand from the District Court</u>, bankr.ECF doc. no. 482, May 15, 2015.

6. Addressed in <u>Order Denying Motion to Reconsider Memorandum of Decision re Remand from the District Court</u>, 3:21-27; <u>Second Recusal Motion</u>, 6:5-7:3.

7. Addressed in <u>First Recusal Motion</u>, 3:25-5:17.

8. Addressed in <u>Order Denying Motion to Reconsider Memorandum of Decision re Remand from the District Court</u>, 3:21-4:1.

9. Addressed in <u>Order Denying Motion to Reconsider Memorandum of Decision re Remand from the District Court</u>, 3:21-27; <u>Second Recusal Motion</u>, 6:5-7:3

10. In the <u>Order Continuing Hearings and Setting Briefing Schedule</u>, the Court set Dec. 19, 2012 at 5:00 p.m. as the date by which the parties must file their summary judgments. Responses to these summary judgment motions were due on Jan. 30, 2013 at 5:00 p.m. No response to Plaintiff's Motion for Summary Judgment ("MSJ") exists on the adversary docket. <u>Compare</u> <u>Order Continuing Hearings and Setting Briefing Schedule</u>, adversary ECF doc. no. 57 and adversary ECF doc. no. 61-34.

    It was the apparent lack of response that the Court noted. The bankruptcy docket reflects Hebb's response to the MSJ as doc. no. 233, but it is docketed as "Creditors Response to Courts 11/6/12 Scheduling Order: Creditor has no basis to File a Motion for Summary Judgment…." This response was untimely filed on December 19, 2012 at 11:17 p.m., in direct violation of the Court's Order. On January 30, 2013, there are five docket entries labeled "Motion re Objection to Claim Number By Claimant Law Ofcs. John Hebb" that reflect filer error entries by the clerk's office. These entries are Hebb's responses to Debtor's Summary Judgment, which were also untimely filed between 5:01 p.m. and 8:41 p.m.

    As a broad statement, the Court's contention that Hebb did not respond to the Summary Judgment Motion, it was mistaken, but it does not demonstrate animus towards Movant. It also does not change the Court's analysis of the <u>Pioneer</u> factors, as Movant's filings, mislabeled with confusing titles, were filed untimely - the very same tendencies that undermined his arguments in his Reconsideration Motion.

11. <u>See</u> number 10 above.

12. The Court had stated to Movant, on several occasions, that it could not consider any of Movant's Motions to Dismiss (one filed and several made "orally" at unrelated hearings) until it was determined that he had standing to make such motions. It was ultimately determined that Movant was not a creditor of the Estate. See <u>Memorandum of Decision re Motion for Summary Judgment</u>, adversary ECF doc. no. 56; <u>Memorandum of Decision re Trial</u>, adversary ECF doc. no. 114; and <u>Memorandum of Decision re Motion for New Trial</u>, bankr. ECF doc. no. 5, 3:8-12; 5:22-6:8.

13. addressed in <u>Memorandum of Decision (1) Hebb's Spoliation Motion; (2) Ateco Motion to Exclude Hebb Documents; and (3) Court's Order to Show Cause re Pretrial Compliance</u>, adversary ECF doc. no. 100, 3:17-8:11; 16:5-17:14.

14. Addressed in Court's ruling in <u>Memorandum re Whether this Case Should be Dismissed</u>, bankr. ECF doc. no. 175, *affirmed* <u>Hebb v. Ateco (In re Ateco)</u>, 2013 WL 3617776 (B.A.P. 9th Cir. July 15, 2013). The ruling of the Bankruptcy Appellate Panel is currently on appeal with the Ninth Circuit, case no. 13-60097.

15. see #14 above

16. See #14 above.

In the course of this protracted dispute, there have been several instances where Debtor has requested that the Court, as a sanction for Movant's litigation style, disallow Movant's claim, dismiss his counterclaim, and/or rule on summary judgment without affording Movant the (extended) opportunity to respond. Had the Court harbored the animosity that Movant attributes to it, the Court could have dismissed or disallowed Movant's claim with the sufficient grounds presented. At each juncture, the Court refrained from imposing the harshest sanction so that this dispute could be decided on its merits. See *e.g.*, <u>Memorandum of Decision re Order Vacating Order to Show Cause</u>, bankr. ECF doc. no. 154, 10:5-12; <u>Memorandum of Decision re (1) Hebb Spoliation Motion; (2) Ateco Motion to Exclude Hebb Documents; and (3) Court's Order to Show Cause re Pretrial Compliance</u>, adversary ECF doc. no. 100, 17:17-18:22.

The arguments related to the Court's Application of the <u>Pioneer</u> factors are more proper for an appellate court than for a recusal motion.

Motion denied.

###

Date: July 24, 2015

Maureen A. Tighe
United States Bankruptcy Judge

-6-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Box 555, Topanga, CA 90290-0555.

A true and correct copy of the foregoing document entitled (*specify*):

**CREDITOR'S FURTHER <u>AMENDED</u> <u>NOTICE OF APPEAL</u>**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>8/6/15</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    United States Trustee (SV)
    21051 Warner Center Lane, Suite 115
    Woodland Hills, CA 91367-6550
    *kate.bunker@usdoj.gov*

    Steven J Krause, Esq., Atty. for Debtor
    200 N Westlake Bl, Ste 204
    Westlake Village, CA  91362
    *stevenjkrause@yahoo.com*

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) <u>8/6/15</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

    Judge Maureen Tighe,
    US Bankruptcy Court
    21041 Burbank Bl
    Woodland Hills, CA 91367

    For delivery to chambers

1

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/6/15 | Ann Paul | |
|---|---|---|
| Date | Printed Name | Signature |

2